**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREW A. ACCARDO, | Civil Action No. 25-16857 (JXN)(JSA) |
| Plaintiff, | |
| v. | **OPINION** |
| NATALIE R. CAPANO, *et al.*, | |
| Defendants. | |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Andrew A. Accardo's ("Plaintiff") complaint (ECF No. 1), amended complaint (ECF No. 10), and application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2). The Court has reviewed the IFP Application and screened Plaintiff's Complaint and Amended Complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court **GRANTS** the IFP Application and **DISMISSES** both the Complaint and Amended Complaint.

## I.    BACKGROUND

This case arises from ongoing divorce proceedings between Plaintiff and his wife[1] before Judge Natalie Capano, J.S.C. (*See* Compl. at *3,[2] ECF No. 1.) Plaintiff alleges his wife's attorney[3] "used his longstanding professional and personal connections with Judge Capano . . . to unduly influence judicial conduct." (*Id.*) Plaintiff claims Judge Capano refused to sanction misconduct, denied his emergency motions, and engaged in "hostile treatment of Plaintiff's attempts to assert his rights." (*Id.*) Plaintiff further asserts there is a "pattern of systemic misconduct within the New

---

[1] Regina Accardo.
[2] Pincites preceded by an asterisk (*) reflect ECF pagination.
[3] Robert J. Tafuri.

Jersey judiciary" and an "institutional failure to provide fair, unbiased, and ADA-compliant treatment" to Plaintiff, a "*pro se* disabled litigant." (*Id.*)

Plaintiff filed this complaint and IFP application on October 27, 2025. (*See* Compl., ECF No. 1; IFP Appl., ECF No. 1-2.) Plaintiff sued Judge Capano, the Superior Court of New Jersey-Bergen County, Family Part ("Family Part"), the Administrative Office of the Courts ("AOC"), and the New Jersey Judiciary ("Judiciary") (collectively, "Defendants"). (*See* Compl.) He alleges Defendants (1) "discriminated against Plaintiff, failed to provide accommodations, and retaliated against him for asserting his rights," in violation of Title II of the Americans with Disabilities Act ("Title II"), 42 U.S.C. § 12132 (Count I); (2) "failed to ensure equal access and meaningful participation in the court system," in violation of Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794 (Count II); (3) "deprived Plaintiff of due process by denying motions, suppressing hearings, and violating procedural fairness," in violation of 42 U.S.C. § 1983 (Count III); (4) "denied Plaintiff equal treatment based on disability, indigence, and pro se status," in violation of 42 U.S.C. § 1983 (Count IV); and (5) retaliated against Plaintiff "for filing motions, petitions, and complaints" (Count V). (*Id.* at *4.) Plaintiff further alleges the AOC and Judiciary "failed to adequately train and supervise judges and clerks in handling ADA-protected litigants, resulting in system-wide discrimination" (Count VI). (*Id.*)

Plaintiff then submitted what he states is an Amended Complaint adding over a dozen new defendants[4] and new claims.[5] (*See* Am. Compl., ECF No. 10.) The Amended Complaint purports

---

[4] The new defendants are: Robert J. Tafuri; Christian Beane; Atkins & Tafuri, LLC; Atkins, Tafuri, Minassian, D'Amato, Beane & Miller, P.A.; Sunshine, Atkins, Minassian, Tafuri & D'Amato; Regina Accardo, in her individual capacity and in her official capacity as Director/Officer of Berkery Noyes & Co.; Berkery Noyes & Co., LLC; Scott Orr; Torchin Law Firm; Judge Richard J. Brady, individually and in any judicial or municipal capacity relevant to the claims; the City of Mahwah; the Mahwah Police Department; and Mahwah Police Officer Nicole DiPasquale.

[5] Plaintiff lists the new claims as: ADA claims; § 1983 due process and equal protection claims; § 1983 access-to-courts claims; § 1985(3) conspiracy claims; RICO enterprise allegations; fraud-upon-the-court allegations; judicial misconduct allegations; claims arising from the false DV matter; claims arising from the June 22, 2024 Mahwah arrest;

to incorporate "[a]ll allegations, facts, evidence, motions, filings, exhibits, timelines, and requests for relief previously submitted in this action." (*Id.* at *2.)

## II.    <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 1915, a plaintiff may proceed with a civil action IFP without paying the court filing fee. The IFP statute requires that a plaintiff submit a complete financial affidavit to demonstrate financial need. 28 U.S.C. § 1915(a). *See Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) ("The requirement that a plaintiff demonstrate financial need through submission of a complete financial affidavit is an essential part of the statute."). Under the statute, the Court must assess the financial affidavit to determine whether the plaintiff can proceed IFP. 28 U.S.C. § 1915(a).

The Court must also decide *sua sponte* whether the Complaint should be dismissed. 28 U.S.C. § 1915(e). An IFP complaint must be dismissed if it is frivolous or malicious, fail to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these

---

property-related fraud and alias-identity schemes; corporate negligence claims (Berkery Noyes); and claims against the AOC, NJ Judiciary, and Superior Court.

3

standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

## III.   DISCUSSION

### A.   The Court grants the IFP application.

The decision to grant IFP status "turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Sup. Ct. of N.J.*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). A person need not be "absolutely destitute" to proceed IFP. *Id.* Rather, the applicant "must show the inability to pay the filing and docketing fees." *Id.*

Plaintiff has done so here. He attests that he is unemployed and receives $1,500 per month in disability payments but has $1,590 in monthly expenses. (*See* IFP Appl.) That is enough to convince the Court he is unable to pay filing and docketing fees. The Court therefore **grants** the IFP application.

### B.   The Court Dismisses the Complaint

#### i.   *Claims Against Judge Capano*

Plaintiff asserts Judge Capano violated Title II, Section 504, and 42 U.S.C. § 1983 because she allegedly:

- Denied ADA accommodations after being placed on notice of Plaintiff's medical disability;
- Screamed at and intimidated Plaintiff in a virtual courtroom for attempting to reference case notes;
- Ignored a properly submitted emergency motion for access to life-saving 401(k) assets;
- Colluded with opposing counsel, Robert J. Tafuri, to suppress evidence of asset concealment;

4

- Directed the case toward forced Early Settlement Panel (ESP) participation based on a fabricated narrative;
- Repeatedly dismissed valid procedural filings without notice, justification, or acknowledgement, in violation of both ADA and New Jersey Court Rules;
- Attempted to silence Plaintiff during hearings and told him not to speak on the record;
- Leveraged a false domestic violence charge filed in a separate courtroom to discredit Plaintiff and influence divorce litigation

(Compl. at *5.)

But judges have absolute immunity from suit for any actions taken in a judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges cannot be sued even for unfair, bad faith, malicious, or corrupt actions taken in a judicial capacity. *Id.* Judicial immunity does not, however, extend to non-judicial actions or judicial actions taken "in the complete absence of all jurisdiction." *Id.* at 12.

Here, all the complained-of acts were judicial. Whether an action is judicial relates to "nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Providing ADA accommodations to a litigant, controlling courtroom proceedings, overseeing motions, dismissing filings, and directing cases to settlement are all functions normally performed by a judge. Moreover, in all the interactions Plaintiff complains of, he dealt with Judge Capano as the judge presiding over his divorce proceeding. So, Judge Capano's acts were judicial.

Judge Capano, moreover, did not act in a complete absence of jurisdiction. A judge does not act in a complete absence of jurisdiction if the court "has *some* subject matter jurisdiction." *Figueroa v. Blackburn*, 208 F.3d 435, 443–44 (3d Cir. 2000) (emphasis added) (quoting *Barnes v. Winchell,* 105 F.3d 1111, 1122 (6th Cir. 1997)). The difference between having *no* jurisdiction and *some* jurisdiction is critical. For instance, if a judge "invested only with authority over wills and

5

the settlement of estates of deceased persons" held a criminal trial, judicial immunity would not attach to the judge's conduct at the criminal trial. *Bradley v. Fisher*, 80 U.S. 335, 352 (1871). But if a judge "invested with general criminal jurisdiction over offences committed within a certain district" held a trial for a made-up crime, judicial immunity would attach. *Id.*

Judge Capano is a judge in the New Jersey Superior Court-Family Part. (Compl. at *2.) The Family Part has jurisdiction over "[a]ll civil actions in which the principal claim is unique to and arises out of a family or family-type relationship, including palimony actions." N.J. Ct. R. 5:1-2. That includes divorce actions. *Fischer v. Fischer*, 375 N.J. Super. 278, 286 (App. Div. 2005) ("With the filing of a complaint seeking the marriage's dissolution, the court was imbued with the jurisdiction to take all reasonable and just steps in equitably distributing the parties' marital property."). Plaintiff's claims stem from his divorce action. (*See* Compl.) Accordingly, Judge Capano, as a Family Part judge, did not act in a complete absence of jurisdiction.

Because Judge Capano is absolutely immune from suit, the Complaint is **dismissed *with prejudice*** as to her.

### ii.    *Claims Against the Family Part, AOC, and Judiciary*

### a.    § 1983 Claims (Counts III, IV, and V)

The Eleventh Amendment to the Constitution provides "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quoting *Emps. of Dep't of Pub. Health & Welfare v. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973)); *see also* U.S. Const. amend. XI. "This immunity extends to state agencies and departments." *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). New Jersey's judicial branch is an arm of the state for purposes of Eleventh Amendment immunity. *Dongon v. Banar*, 363 F.

6

App'x 153, 156 (3d Cir. 2010). There are three exceptions to Eleventh Amendment immunity: "1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law." *Id.*

Plaintiff includes § 1983 claims against the Family Part, AOC, and Judiciary for due process and equal protection violations and retaliation.[6] (Compl. at *4.) § 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage," deprives someone of a federal constitutional or statutory right. It follows that only "persons" may be held liable under § 1983. But "a State is not a 'person' within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). Nor did § 1983 abrogate New Jersey's Eleventh Amendment immunity. *See id.* at 69–70 ("In our view, the Dictionary Act, like § 1983 itself and its legislative history, fails to evidence a clear congressional intent that States be held liable."). Thus, because Eleventh Amendment immunity extends to the New Jersey courts, and § 1983 does not abrogate the judiciary's immunity, Plaintiff's § 1983 claims against the Family Part, AOC, and Judiciary fail as a matter of law and must be **dismissed *with prejudice***.

### b.    The Title II and Section 504 Claims (Counts I, II, VI)

The Eleventh Amendment does not bar suits brought against a state or state agency under Title II of the ADA or Section 504. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 556 (3d Cir. 2007) ("Congress acted within its Constitutional authority in abrogating sovereign immunity under Title II of the ADA."); *Lane v. Pena*, 518 U.S. 187, 200 (1996) (concluding Section 504 is "an unambiguous waiver of the States' Eleventh Amendment immunity.").

Title II provides "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or

---

[6] The retaliation claim does not expressly reference § 1983. Interpreting the Complaint liberally, however, the Court construes the claim as brought under § 1983.

activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "public entity" includes "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1).

Section 504 provides: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving [f]ederal financial assistance." 29 U.S.C. § 794(a). Whereas Title II reaches states, local governments, and their instrumentalities, Section 504 "reaches only recipients of '[f]ederal financial assistance.'" *Montanez v. Price*, 154 F.4th 127, 144 (3d Cir. 2025) (alteration in original) (quoting 29 U.S.C. § 794(a)). Section 504 "'covers those who receive the aid' directly from the federal government or indirectly through another recipient of that aid." *Id.* (quoting *U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 606–07 (1986)). Federal financial assistance includes "federal grants, loans, non-procurement contracts, and 'reimbursement through Medicare and Medicaid.'" *Id.* at 145 (quoting *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 217 (2022)).

"Except for causation, the substantive standards for determining liability under Section 504 and Title II are identical, and the same remedies are available under both Acts." *Id.* at 146. Under either law, Plaintiff must show:

> (1) he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or other activities for which a public entity is responsible, or was otherwise subjected to discrimination by a public entity; (4) by reason of his disability.

8

*Id.* at 146. Under Section 504, "the disability must be the sole cause of the discriminatory action, while the ADA only requires but-for causation." *Durham v. Kelley*, 82 F.4th 217, 226 (3d Cir. 2023).

Assuming Plaintiff is a qualified person with a disability, he does not adequately allege the AOC or Judiciary excluded him from participating in his divorce proceedings because of his disability. At most, Plaintiff states (1) he was "[d]enied ADA accommodations" after placing Defendants on notice of his disability; (2) his filings were dismissed "in violation" of the ADA; and (3) the Judiciary and AOC "failed to train and supervise personnel in the handling of ADA-compliant procedures." (Compl. at *5.)

Though Title II and Section 504 prohibit disability discrimination, neither statute allows "a disabled plaintiff to unilaterally dictate the course of litigation, and, indeed, requires only in these circumstances that the public entity provide a disabled plaintiff an 'opportunity' to litigate his case equal to that of other litigants." *Bakshi v. Bergen Cnty. Super. Ct.*, No. 15-3560, 2016 WL 2653909, at *10 (D.N.J. May 10, 2016). Plaintiff's complaint is devoid of any allegations that the Judiciary or AOC denied Plaintiff the opportunity to litigate his case equal to non-disabled litigants. At most, the complaint offers bare legal conclusions that Plaintiff was denied ADA accommodations, the dismissals of his filings violated the ADA, and that the Judiciary and AOC failed to train or supervise its employees on ADA compliance. Because complaints must tender "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, Plaintiff's Title II and Section 504 claims (Counts I, II, and VI) are **dismissed *without prejudice***.

9

### *iii.* The Amended Complaint

Finally, the Court turns to the Amended Complaint. The three-page long pleading adds over a dozen new defendants and claims. (*See* Am. Compl.) It pleads no facts, instead stating that it incorporates all previous filings "submitted in this action." (*Id.* at *2.)

This will not do. An amended pleading "supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). Thus, Plaintiff's amended complaint, like his original, must plead facts supporting his entitlement to relief. *See* Fed. R. Civ. P. 8(a). Plaintiff, moreover, cannot bypass the pleading standard by incorporating all other filings by reference. "Judges are not like pigs, hunting for truffles buried in the record." *United States v. Morton*, 993 F.3d 198, 204 n.10 (3d Cir. 2021) (quoting *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006)). The Court will not scour other dockets and documents to write Plaintiff's Amended Complaint for him. If Plaintiff wishes to plead new facts, they need to appear in his amended complaint.

As it stands, the amended complaint Plaintiff submitted contains no facts entitling him to relief. (*See* Am. Compl.) The pleading lists defendants, purports to incorporate other facts by reference, and lists causes of action without any further elaboration or explanation as to which claims apply to which defendants. "[D]ismissal is appropriate in cases where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995)). "'The dismissal of a complaint on the ground that it is unintelligible is unexceptional' because it cannot satisfy the basic notice function of a pleading." *Garrett*, 938 F.3d at 93 (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)).

Because the Amended Complaint pleads no facts and is so vague that its true substance, if any, is well hidden, the Amended Complaint is **dismissed** *without prejudice*.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Plaintiff's IFP Application. (ECF No. 1-2.) The Complaint (ECF No. 1) is **DISMISSED** *with prejudice* in its entirety as to Judge Capano. Counts III, IV, and V of the Complaint (ECF No. 1) are **DISMISSED** *with prejudice*. Counts I, II and VI of the Complaint (ECF No. 1) are **DISMISSED** *without prejudice*. The Amended Complaint (ECF No. 10) is **DISMISSED** *without prejudice*. Plaintiff shall have thirty days to file an amended complaint addressing the deficiencies identified herein. An appropriate Order accompanies this Opinion.

**DATED:** 3/27/2026

_____
**JULIEN XAVIER NEALS**
**United States District Judge**

11